IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHUNTA MIMS, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:19-CV-150-K-BK |
| § | |
| THE BROWNSTONES APARTMENTS, § | |
|     DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States Magistrate Judge for pretrial management. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending judicial screening. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I.   BACKGROUND**

Plaintiff Chunta Mims, a Dallas resident proceeding *pro se*, filed a *Complaint* against the Brownstone Apartments, stemming from a lease dispute and a subsequent notice to vacate the apartment that she had leased in April 2017. Doc. 2 at 1-2. Mims avers that in June 2017 the apartment manager handed her a notice to vacate because of "yelling and banging on the walls." Doc. 2 at 2. Although Mims had paid the June 2017 rent in full, she timely moved out of the apartment. Doc. 2 at 1. However, because she now "feels the laws were broken," Mims seeks "judicial review of the apartment lease terms, notice to vacate, and all monies paid to the Defendant." Doc. 2 at 1. Specifically, Mims requests "to be refunded the rent for the month I left the apartment June 2017." Doc. 2 at 1.

In her *Answers to Magistrate Judge's Questionnaire*, Mims asserts (in response to the Court's inquiry regarding jurisdiction):

> After research of the history of this apartment 1830 there is [sic] several federal violations of motive and intent to defraud me and State Farm Insurance Company. This apartment I believe had prior balances, maybe evictions attached to this unit.
>
> * * *
>
> This untimely notice to vacate has caused me financial undue stress as I have been unable to secure another lease. It has caused me an unwarranted threat and [sic] safety to my life mentally and physically. Therefore I have been place[d] in both group and individual counseling ongoing.

Doc. 8 at 3. She apparently seeks tens of thousands of dollars in monetary damages, Doc. 8 at 1-2, as well as "[v]erification that the Texas Apartment Association database has the lease showed paid in full with no adverse or negative comments." Doc. 8 at 2.

**II.    ANALYSIS**

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's

well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Mims' *Complaint* with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Mims has not alleged facts that establish federal question jurisdiction or diversity jurisdiction.

At best, the *Complaint* alleges only state contract and tort claims. And, as detailed above, Mims mentions "federal violations" in her *Answers to Magistrate Judge's Questionnaire*, but wholly fails to identify such violations or any other basis for the exercise of federal jurisdiction. The Court notes that as a Texas resident, Mims shares the same state of citizenship as the Defendant named in her Complaint, so diversity jurisdiction also does not apply. Doc. 2 at 1; Doc. 8 at 2 and 4. Finally, since the *Complaint* does not present a federal claim, the Court cannot exercise supplemental jurisdiction over Mims' state law claims, to the extent she asserts any. 28 U.S.C. § 1367(a).

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint prior to dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009). Here, the facts as alleged by Mims clearly demonstrate a lack of subject matter jurisdiction in this Court. In addition, the Court has already given Mims the opportunity to supplement the complaint by her *Answers to Magistrate Judge's Questionnaire*. Thus, granting leave to amend would be futile and cause needless delay.

### IV.  CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

**SO RECOMMENDED.**

March 8, 2019.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).